IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| V.             ) | NO. 14-4195 |
| ) | |
| TYRONE ALPHONZO WILSON, ) | |
|       a/k/a "TT," ) | |
| ) | |
| Defendant-Appellant. ) | |
| _____ ) | |

UNITED STATES' MOTION TO DISMISS
APPEAL AND STAY BRIEFING SCHEDULE

Because Defendant, Tyrone Alphonso Wilson, knowingly and voluntarily entered into a plea agreement that waived his right to appeal, the United States respectfully moves to dismiss his appeal and requests that this Court stay the briefing schedule pending this Court's ruling on the motion to dismiss.

On February 6, 2013, Defendant was charged in a 39-count indictment with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §846 (Count 1), conspiracy to launder money in violation of 18 U.S.C. §1956 (Count 2), and distribution of cocaine in violation of 21 U.S.C. §841 (Count 38).  Joint Appendix 9-73 (hereinafter, "JA ___").

On October 4, 2013, Defendant pled guilty to Count One of the indictment, conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. JA 6, 103-113. In paragraph 5 of his plea agreement, Defendant waived his right to appeal his conviction and any sentence within the statutory maximum:

> The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.

JA 105-106.

Both Defendant and his counsel signed the plea agreement and Defendant affirmed that he had read every paragraph of the agreement, signed the agreement, and placed his initials on each page. JA 89. In Paragraph 21 of the agreement Defendant agreed that he had ". . . read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." JA 112-113.

At the plea hearing, the district court verified that Defendant had a sufficient opportunity to discuss his plea agreement with his attorney and was satisfied with his attorney's advice. JA 85. The district court also specifically informed Defendant at the plea hearing that he could receive any sentence within the

2

statutory maximum and that the statutory maximum was imprisonment for life, with a mandatory minimum of ten years. JA 87.

Defendant was also informed that he was waiving his right to appeal and accepted that waiver:

| | |
|---|---|
| The court: | In paragraph 5, page 3, you indicate you understand you have a right to appeal the conviction in this case and the sentence, but you are knowingly, that is with knowledge, giving up your right to appeal the conviction and sentence in exchange for certain benefits you are getting from the United States under this plea agreement, whether it's dropping charges or whatever. The United States is not giving up its right to appeal the sentence in this case if they think it's too lenient or it's in error, but you are waiving your right to appeal your conviction and sentence. Do you understand this? |
| Defendant: | Yes, I understand. |
| The court: | All right. Do you know what it means to be able to appeal[?] |
| Defendant: | Yes. |
| The court: | Do you know what a waiver is? |
| Defendant: | Yes. |
| The court: | You are giving it up, okay? |
| Defendant: | Yes. |
| The court: | All right. So you understand that you are doing this. |

JA 87-88.

On February 27, 2014, Defendant was sentenced to 121 months in prison. JA 209.

This Court has repeatedly held that "a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary." *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000) (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) and *United States v. Bowden*, 975 F.2d 1080 (4th Cir. 1992)); *see also United States v. Cohen*, 459 F.3d 490, 493-94 (4th Cir. 2006); *United States v. Blick*, 408 F.3d 162, 167-73 (4th Cir. 2005). If a defendant makes a knowing and express waiver of the right to appeal a sentence, that waiver is valid absent a showing that the sentence exceeded the statutory maximum or that the sentence was based on a "constitutionally impermissible factor such as race." *Brown*, 232 F.2d at 403 (citing *Marin*, 961 F.2d at 496).

A defendant may not defeat a carefully conducted plea hearing under Fed. R. Crim. P. 11 through mere assertion on appeal. The law is well-established that a defendant may not lightly disavow statements that he makes under oath at a Rule 11 hearing. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Indeed, statements made under oath at a Rule 11 proceeding are binding on a defendant "absent clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of State of Md.*, 956

4

F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431 U.S. at 74-75; *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)).  As this Court has explained, "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (*en banc*).  Summing up these cases, this Court has observed that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. . . ." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).  Nothing Defendant presents qualifies as extraordinary circumstances allowing him to escape his sworn statements under oath that he understood that he could not challenge his sentence on appeal, so long as it was within the statutory maximum.

In his brief on appeal, Defendant makes a passing note of his appeal waiver, but then continues with argument on two issues, both of which involve application of Guideline factors. Defendant does not contend that his waiver of appeal was unknowing or involuntary, or that the sentence imposed by the district court was based on a constitutionally impermissible factor such as race.  That sentence was clearly within the statutory limits set by 21 U.S.C. §§ 846 and 841 that is, life in prison with a ten-year minimum mandatory sentence.  Defendant's sentence was

5

121 months – one month above the bottom threshold of the statutory range, and well below the maximum sentence of life.

Because Defendant knowingly and voluntarily waived his right to appeal, the United States respectfully requests that this Court dismiss Defendant's appeal. The United States also requests that this Court stay the briefing schedule until the Court rules on the motion to dismiss.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By: _____/s/_____
      Sherrie S. Capotosto
      Assistant United States Attorney
      U.S. Attorney's Office
      Eastern District of Virginia
      101 West Main Street, Suite 8000
      Norfolk, Virginia 23510
      (757) 441-6331
      sherrie.capotosto@usdoj.gov

## Certificate of Service

I certify that on July 8, 2014, I filed electronically the foregoing motion to dismiss appeal with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the attorney below:

Harry D. Harmon, Jr., Esq.
500 East Plume Street
Suite 105
Norfolk, Virginia 23510.

                              Dana J. Boente
                              United States Attorney

By: _____/s/_____
       Sherrie S. Capotosto
       Assistant United States Attorney
       U.S. Attorney's Office
       Eastern District of Virginia
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510
       (757) 441-6331
       sherrie.capotosto@usdoj.gov